**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1813
_____

THEODORE RIDGEWAY,
                    Appellant

v.

MICHAEL GUYTON, CORRECTIONAL OFFICER HENDERSON,
SUPERINTENDENT GREENE SCI, CHIEF GRIEVANCE OFFICER TRACY
SHAWLEY, CHIEF GRIEVANCE OFFICER DORINA VARNER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-01254)
Magistrate Judge:  Honorable Maureen P. Kelly

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2016

Before:  AMBRO, GREENAWAY, JR. and GARTH✦, Circuit Judges

(Opinion filed: October 25, 2016)
_____

OPINION*

_____

✦ The Honorable Leonard I. Garth passed away on September 22, 2016 after the submission date, but before the filing of the opinion.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d) and Third Circuit I.O.P. Chapter 12.

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Pro se appellant Theodore Ridgeway ("Ridgeway") appeals from the judgment of the United States District Court for the Western District of Pennsylvania in his civil rights case.[1] We will affirm the District Court's dismissal.

I.

Ridgeway's complaint stems from problems with a broken prison toilet that persisted from mid-October 2011 until November 18, 2011. Ridgeway, a prisoner at State Correctional Facility Greene ("SCI-Greene"), alleged that his toilet "would overflow" with fecal matter, urine, and a black substance, and that he continually notified prison officials. He further alleged that nothing was done about the toilet, although a drain in his floor was fixed. On November 18, 2011, at approximately 3:00 a.m., the toilet overflowed and flooded his cell with feces and urine. Ridgeway notified the officers on duty, including Correctional Officer Henderson ("Henderson"), and was provided cleaning materials. According to Ridgeway, personal effects were destroyed in the flood.[2]

---

[1] The parties consented to have the case heard by a magistrate judge, pursuant to 28 U.S.C. § 636(c)(1).

[2] Ridgeway has alleged that family photos, letters, three legal briefs, and commissary items were destroyed. In the District Court, he brought a due process claim related to this lost property. He did not brief that claim on appeal, however, and we deem that claim waived. See Timson v. Sampson, 518 F.3d 870, 874 (3d Cir. 2008) (per curiam). He did not allege an "access to the courts" claim based on the lost legal briefs.

Ridgeway filed an amended complaint, alleging, inter alia, that the conditions caused by the overflowing toilet constituted a violation of his Eighth Amendment rights. The defendants filed a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), which the District Court granted. Ridgeway timely appealed.[3]

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's decision to grant a motion to dismiss under Rule 12(b)(6). Keystone Redevelopment Partners, LLC v. Decker, 631 F.3d 89, 95 (3d Cir. 2011). When reviewing a motion to dismiss, "we accept the factual allegations contained in the Complaint as true, but disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009)).

To state a viable Eighth Amendment claim, Ridgeway needed to (1) allege an "objectively, sufficiently serious" deprivation and (2) that the officials being sued had "sufficiently culpable" states of mind. Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the first

---

[3] The District Court denied reconsideration in an order entered after he filed his notice of appeal. Because he did not file an amended notice of appeal, we lack jurisdiction over that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

prong of this test, the condition of confinement at issue must deprive the prisoner of the minimum of civilized life's basic necessities – food, water, shelter. See Tillery v. Owens, 907 F.2d 418, 426-27 (3d Cir. 1990). The state of mind necessary for a viable claim under the second prong is "'deliberate indifference' to inmate health or safety[,]" Beers-Capitol, 256 F.3d at 125, a standard that requires actual knowledge or awareness of the risk of the condition of confinement to the prisoner. Id.

Ridgeway's allegation did not satisfy either prong of the test. His complaint stated the toilet would overflow, and that it flooded the cell on one date – November 18, 2011. Ridgeway did not raise any other specific dates, implying at most that the toilet would overflow from time to time. He did not at any point allege that the overflowing was continuous or, in any event, make allegations sufficient to plausibly suggest that he was forced to "live in squalor." See McBride v. Deer, 240 F.3d 1287, 1290-91 (10th Cir. 2001). He did not raise any health concerns or health problems arising from the broken toilet. His allegations, therefore, fell far short of those that courts have held to satisfy the requirement of an "objectively, sufficiently serious" injury. See, e.g., Young v. Quinlan, 960 F.3d 351 (3d Cir. 1992) (involving a plaintiff who was denied water and told to drink his own urine, housed in a cell without a toilet for four days, and allowed to leave his cell to relieve himself only once); McBride, 240 F.3d at 1292 (involving a prisoner forced to remain in a feces-covered cell for three days). Although we do not doubt that the problem with the toilet was unpleasant, we must conclude, under the totality of the

4

circumstances, that Ridgeway's complaint failed to allege the "objectively, sufficiently serious" conditions of confinement necessary for a viable Eighth Amendment claim.

Ridgeway stated that he "continuously informed Defendant Henderson" of the problem, and that Henderson repeatedly told Ridgeway that he would submit a work order to have the toilet fixed. He also informed Guyton of the issue on November 10, 2011. Henderson did eventually submit a work order on November 15, 2011. Notably, Ridgeway never alleged that he told Henderson and Guyton that he was being exposed to dangerous and unhealthy conditions, just that "[p]laintiff continuously informed Defendant Henderson . . . of the problem since the third week of October." Dist. Ct. Dkt. # 3 at 4. We also must conclude therefore that Ridgeway's allegations did not plausibly suggest conduct meeting the deliberate indifference standard.[4]

We will summarily affirm the District Court's judgment.

---

[4] Under the circumstances of the case, Ridgeway did not need to be given leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).